UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASTRID YIORKATZI,                                                         Index No.

                      Plaintiff,

      -against-                                                             **COMPLAINT**

PORTFOLIO RECOVERY ASSOCIATES, LLC,


                      Defendant.
------------------------------------------------------------------X

Plaintiff, ASTRID YIORKATZI ("Yiorkatzi" or "Plaintiff"), by and through its attorneys, Morrison Tenenbaum PLLC, as and for its complaint against defendant PORTFOLIO RECOVERY ASSOCIATES, LLC ("Portfolio Recovery Associates" or "Defendant") alleges as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Yiorkatzi is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Portfolio Recovery Associates is a collection agency with its principal place of business located at 120 Corporate Boulevard, Norfolk, VA 23502.

8. Defendant Portfolio Recovery Associates is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant Portfolio Recovery Associates is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant Portfolio Recovery Associates is a Delaware limited liability company registered to do business in New York.

## ALLEGATIONS

11. Upon information and belief, at a time know to Defendant Portfolio Recovery Associates, alleged consumer debts belonging to Plaintiff Yiorkatzi were assigned or otherwise transferred to Defendant Portfolio Recovery Associates for collection.

12. The debts were primarily for personal, family or household purposes and are therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Portfolio Recovery Associates mailed a notice dated April 8, 2020 for an alleged debt of $2,348.65, listing Capital One Bank (USA) N.A. as the "Seller," HSBC Bank Nevada, N.A. as the "Original Creditor," and Portfolio Recovery Associates as the "Current Creditor."

14. Portfolio Recovery Associates mailed a notice dated April 17, 2020 for an alleged debt of $5,664.78, listing Citibank N.A. as the "Seller," and "Original Creditor," The Home Depot as "Merchant," and Portfolio Recovery Associates as the "Current Creditor."

15. Portfolio Recovery Associates mailed a notice dated April 17, 2020 for an alleged debt of $932.02, listing Synchrony Bank as the "Seller," and "Original Creditor," Wal-Mart as "Merchant," and Portfolio Recovery Associates as the "Current Creditor."

16. The mailed notices were each a "communication" as defined by 15 U.S.C. § 1692a(2).

17. Since sending the notices, Portfolio Recovery Associates has repeatedly made harassing phone calls, including robocalls, to Yiorkatzi at inconvenient times on her cell phone in attempting to collect the alleged debts.

18. Yiorkatzi has objected to these harassing phone calls and clearly stated to Portfolio Recovery Associates that the phone calls were being made at a time and place that were inconvenient.

19. On or about November 10, 2020, Yiorkatzi spoke to a representative from Portfolio Recovery Associates and specifically requested that they cease calling her about the purported debt, and that any communications be in writing. Nevertheless, Portfolio Recovery Associates has persisted in making these harassing robocall phone calls to Yiorkatzi.

20. The phone calls were particularly annoying and harassing because most of them were robocalls which did not give Yiorkatzi any opportunity to speak to any person. They did not offer Yiorkatzi means to communicate with an individual to dispute the purported debts. Nor did they provide any means of assurance that the phone call was actually from a legitimate debt collector, and not from someone perpetrating a scam.[1]

21. The phone calls were each a "communication" as defined by 15 U.S.C. § 1692a(2).

---

[1] *See* FTC, "Have you gotten a collection call about a debt you don't recognize," available at https://www.consumer.ftc.gov/blog/2020/09/have-you-gotten-collection-call-about-debt-you-dont-recognize

22. On or about November 23, 2020, Yiorkatzi's attorney, the law firm of Morrison Tenenbaum PLLC, sent a letter to Portfolio Recovery Associates stating that any further communication concerning Yiorkatzi's purported debts should be directed to Yiorkatzi's attorneys, not Yiorkatzi herself.

23. Portfolio Recovery Associates received Yiorkatzi's attorney's letter on November 27, 2020.

24. Despite receiving the letter on November 27, 2020, Portfolio Recovery Associates continued to communicate with Yiorkatzi directly.

25. On December 4, 2020, Portfolio Recovery Associates sent a letter to Yiorkatzi concerning a purported debt to Citibank, N.A

26. On December 5, 2020, Portfolio Recovery Associates sent a letter to Yiorkatzi concerning a purported debt to HSBC Bank Nevada, N.A.

27. On December 31, 2020, Portfolio Recovery Associates sent a letter to Yiorkatzi concerning a purported debt to HSBC Bank Nevada, N.A.

28. Portfolio Recovery Associates continued to make phone calls, including robocalls, to Yiorkatzi, after it received a letter from Yiorkatzi's attorney directing that all communications be with the attorney.

29. These communications were not made to (1) advise the consumer that debt collection was being terminated, (2) to notify the consumer that the debt collector may invoke specified remedies, or (3) to notify the consumer the debt collector intended to invoke a specified remedy.

30. As a result of these repeated robocalls Yiorkatzi has suffered emotional distress and serious disruption of her life. She has suffered from loss of sleep as these communications have persisted. These calls have also impacted Yiorkatzi's ability to perform her work duties. Yiorkatzi

works as a manager of a restaurant and as part of her job duties must take phone calls from outside parties such as vendors. The repeated calls and robocalls from Portfolio Recovery Associates has made Yiorkatzi hesitant to answer phone calls from unrecognized numbers out of fear that the call will be another annoying and harassing robocall from Portfolio Recovery Associates.

31. 15 U.S.C. § 1692c(a)(1) prohibits a debt collector from communicating with a consumer in connection with the collection of a debt at any unusual time or place, or a time or place known to be inconvenient to the consumer. The times between 9:00 p.m. and 8:00 a.m. are presumed to be inconvenient to the consumer.

32. 15 U.S.C. §1692c(a)(2) prohibits a debt collector who knows that a consumer is represented by an attorney from communicating with the consumer directly.

33. 15 U.S.C. §1692c(c) prohibits a debt collector who has been notified in writing by the consumer that she refuses to pay the debt or wishes the debt collector to cease communications with her from communicating with the consumer except to (1) advise the consumer that debt collection is being terminated, (2) to notify the consumer that the debt collector may invoke specified remedies, or (3) to notify the consumer the debt collector intends to invoke a specified remedy.

34. 15 U.S.C. §1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. This includes among other things causing a telephone to ring or engaging in telephone conversation with any person repeatedly or continuously with intent to annoy, abuse, or harass such person, or placing telephone calls without meaningful disclosure of the caller's identity.

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

36. 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

### AS AND FOR A FIRST CAUSE OF ACTION
FDCPA VIOLATION 15 U.S.C. §1692

37. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

38. Portfolio Recovery Associates' use of phone calls to Yiorkatzi at times known to be inconvenient to Yiorkatzi violated 15 U.S.C. §1692c(a)(1), which bars a debt collector from communicating with a consumer in connection with the collection of a debt at any unusual time or place, or a time or place known to be inconvenient to the consumer.

39. Portfolio Recovery Associates' mail and telephone communications with Yiorkatzi after November 27, 2020, when it was advised in writing that Yiorkatzi was represented by an attorney in connection with the matter, violated 15 U.S.C. §1692c(a)(2), which prohibits a debt collector who knows that a consumer is represented by an attorney from communicating with the consumer directly.

40. Portfolio Recovery Associates' mail and telephone communications with Yiorkatzi after November 27, 2020, when it was advised in writing that Yiorkatzi wanted it to cease communicating with her, violated 15 U.S.C. §1692c(c), which prohibits a debt collector who has been notified in writing by the consumer that she refuses to pay the debt or wishes the debt collector to cease communications with her from communicating with the consumer except to (1) advise the consumer that debt collection is being terminated, (2) to notify the consumer that the debt collector may invoke specified remedies, or (3) to notify the consumer the debt collector intends to invoke a specified remedy.

41.     Portfolio Recovery Associates' repeated robocalls to Yiorkatzi, especially after she notified Portfolio Recovery Associates that she only wanted to be communicated with by letter, violated 15 U.S.C. §1692d, which prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

## AS AND FOR A SECOND CAUSE OF ACTION
NY GBL §349

42.     Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs.

43.     Portfolio Recovery Associates owed a duty of care to Plaintiff to effect its collection of Plaintiff's purported debt with reasonable care.

44.     Portfolio Recovery Associates breached its duty to collect Plaintiff's purported debt with reasonable care.

45.     In the exercise of reasonable care Portfolio Recovery Associates ought to have ensured that for any debt on which an attorney represented the consumer any communication by Arcadia was made with the attorney and not with the consumer directly.

46.     In the exercise of reasonable care Portfolio Recovery Associates ought to have ensured that after Yiorkatzi advised in writing through her attorney that she requested that Portfolio Recovery Associates cease communicating with her, Portfolio Recovery Associates would not communicate with her.

47.     In the exercise of reasonable care Portfolio Recovery Associates ought to have ensured that it not make harassing and annoying robocalls to Yiorkatzi and inconvenient times,

especially after Yiorkatzi requested that Portfolio Recovery Associated requested that they cease the robocalls.

48. Portfolio Recovery Associates' practice of communicating with Yiorkatzi after she specifically notified it in writing to cease doing so, and contact her only through her attorney, is a deceptive act and practice.

49. Portfolio Recovery Associates' practice of making repeated annoying and harassing robocalls to Yiorkatzi at inconvenient times, and after Yiorkatzi specifically requested that it cease the practice, is a deceptive act and practice.

50. These deceptive acts and practices were committed by Portfolio Recovery Associates in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

51. Portfolio Recovery Associates' deceptive acts and practices were consumer–oriented, in that Portfolio Recovery Associates' act of communicating directly with a legally–represented consumer despite knowledge that she is represented by counsel, and that she requested that Portfolio Recovery Associates cease communicating with her, was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Portfolio Recovery Associates obtained for collection and on which there was legal representation.

52. Portfolio Recovery Associates' deceptive acts and practices were consumer–oriented, in that Portfolio Recovery Associates' act of making annoying and harassing robocalls to collect purported debt, was not an act limited to plaintiff's account, but extended to the accounts of other consumers which Portfolio Recovery Associates obtained for collection and on which there was legal representation.

53. Portfolio Recovery Associates did not maintain any procedure to ensure that it did not communicate directly with consumers who are represented by counsel.

54. Portfolio Recovery Associates' practices of communicating with consumers represented by attorneys, communicating with consumers who specifically request that it cease communications, and placing harassing and annoying robocalls at inconvenient times, has a broader impact on consumers at large whose purported debts Portfolio Recovery Associates attempts to collect.

55. Portfolio Recovery Associates' violation were knowing and willful.

56. Portfolio Recovery Associates has violated NYGBL §349(a) and is liable to Plaintiff Yiorkatzi pursuant to NYGBL §349(h).

## JURY DEMAND

57. Plaintiff Yiorkatzi hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff claims the following relief:

1. Damages against Defendants pursuant to 15 U.S.C. §1692k;

2. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. §1692k;

3. Damages against Defendant pursuant to NYBGL §349(h);

4. Plaintiff's attorneys' fees and costs pursuant to NYGBL §349(h); and

5. Such other or further relief as this Court deems just and equitable.

Dated: New York, New York
January 15, 2021

MORRISON-TENENBAUM PLLC

By:   /S/ Joshua S, Androphy

          Lawrence F. Morrison
          Joshua S. Androphy
          *Attorney for Plaintiff*
          87 Walker Street, Floor 2
          New York, New York 10013
          T. 212-620-0938